**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0661n.06

No. 17-3409

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 29, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| WILBUR HERNANDEZ-ORTEGA, aka Wilber Hernandez-Ortega, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| JEFFERSON B. SESSIONS, III, Attorney General, | ) ) ) |
| Respondent. | ) ) |

ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS

BEFORE: GRIFFIN, KETHLEDGE, and BUSH, Circuit Judges.

PER CURIAM. Wilbur Hernandez-Ortega, a.k.a. Wilber Hernandez-Ortega, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for withholding of removal and relief under the Convention Against Torture (CAT).

Hernandez-Ortega is a native and citizen of El Salvador. He unlawfully entered the United States in September 2011, and he was removed the same month. Hernandez-Ortega unlawfully reentered the United States in December 2011, and he was ordered to appear before an immigration judge after an asylum officer determined that he had established a reasonable fear of persecution if removed to El Salvador.

Hernandez-Ortega filed an application for withholding of removal and relief under the CAT, alleging that, if he were removed to El Salvador, gang members would persecute and torture him because of his Christian religion and his attempts to convince gang members to join his church. The IJ denied the application, concluding that Hernandez-Ortega's testimony was not credible and that he failed to establish entitlement to relief. The BIA affirmed the IJ's decision.

On appeal, Hernandez-Ortega raises the following arguments: (1) the IJ's adverse credibility determination was improper; (2) the BIA erred by failing to address one of his arguments; (3) the BIA erred by concluding that his corroborative evidence was insufficient to establish his entitlement to relief; and (4) he was denied due process when the IJ allowed the government to cross-examine him about his prior sworn statement without giving him adequate time to review the statement with his counsel.

The BIA issued an independent decision, so we review the BIA's determination, including any parts of the IJ's reasoning referenced by the BIA. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). We review legal conclusions de novo and factual findings and credibility determinations for substantial evidence. *Id.* Under the substantial-evidence standard, administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.*

Hernandez-Ortega first argues that the adverse credibility determination was improper because the IJ demonstrated antagonism toward him or engaged in impermissible speculation and conjecture in three instances. First, after Hernandez-Ortega testified that gang members threatened to kill him in 2008 (which implied that they would follow through on their threats if he returned), the IJ pointed out through questioning that the gang members did not kill him in

2010 when they allegedly attacked him with a knife and a rock. Second, after Hernandez-Ortega's counsel asked him about being stabbed with a knife during the 2010 incident, the IJ pointed out that Hernandez-Ortega had testified that he was cut on the arm with a knife, not stabbed. And third, the IJ noted in his decision that Hernandez-Ortega could not explain why the gang members did not kill him during the 2010 incident if it was their intention to do so. Hernandez-Ortega further argues that the adverse credibility determination was improper because the IJ interjected his personal beliefs by stating that Hernandez-Ortega's assertion that his scars were from the 2010 incident would be accepted as true only if the IJ concluded that Hernandez-Ortega was a credible witness.

Hernandez-Ortega's arguments provide no basis for disturbing the adverse credibility determination. Nothing about the IJ's questions or statements suggests that he was improperly antagonistic toward Hernandez-Ortega or that he based any decision on speculation or conjecture. And the IJ did not impermissibly interject his personal opinion by noting that Hernandez-Ortega's overall credibility would determine whether the IJ accepted as true the factual assertions in Hernandez-Ortega's testimony.

Hernandez-Ortega next argues that the BIA erred by failing to address his argument that the IJ improperly placed on him the burden to explain why the gang members did not kill him during the 2010 incident. This argument does not warrant relief because the BIA did not rely on the IJ's observation that Hernandez-Ortega could not explain why the gang members did not kill him.

Hernandez-Ortega next argues that the BIA erred by concluding that his corroborative evidence was insufficient to establish that he was entitled to withholding of removal and relief under the CAT. Hernandez-Ortega specifically relies on photographs of his scars, letters from

his parents and fellow church members addressing his religion and church activities, and letters and other evidence concerning the murder of alleged gang members in El Salvador whom Hernandez-Ortega had invited to join his church. Hernandez-Ortega also relies on country reports and other evidence of conditions in El Salvador.

To qualify for withholding of removal, an applicant must show that it is more likely than not that he would be persecuted in the country of removal due to his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010). An applicant who establishes past persecution is presumed to have a well-founded fear of future persecution. *Pablo-Sanchez*, 600 F.3d at 594. To qualify for relief under the CAT, the applicant must establish that it is more likely than not that he would be tortured in the country of removal "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *Haider v. Holder*, 595 F.3d 276, 289 (6th Cir. 2010).

Substantial evidence supports the BIA's determination that Hernandez-Ortega's corroborative evidence was insufficient to establish his entitlement to relief. The photographs of Hernandez-Ortega's scars and the letters concerning his religion and church activities did not compel a conclusion that he had been persecuted because of his religion or that it was more likely than not that he would be persecuted or tortured if removed to El Salvador. Notably, none of the letters suggest that the 2010 attack was connected to Hernandez-Ortega's work with the church. In addition, the BIA reasonably discounted the letters concerning the murder of gang members in El Salvador because two of the letters were strikingly similar despite allegedly being written by different people at different times, and because the letters did not state that the victims were killed due to their religious activities or their relationship with Hernandez-Ortega. Finally,

although the evidence of country conditions showed that there are problems with gangs in El Salvador, it was insufficient to compel the conclusion that it was more likely than not that Hernandez-Ortega's removal would result in him being persecuted on account of a protected ground or tortured "by or at the instigation of or with the consent or acquiescence of a public official." *See Zaldana Menijar v. Lynch*, 812 F.3d 491, 501-02 (6th Cir. 2015).

Hernandez-Ortega lastly argues that his due process rights were violated when the IJ allowed the government to cross-examine him about a sworn statement that he made to a border patrol agent in 2011 without giving him an adequate opportunity to review the statement with his counsel. Hernandez-Ortega further contends that the error undermines the adverse credibility determination because the determination was based in part on his testimony about the sworn statement.

"We review *de novo* alleged due process violations in removal hearings." *Bi Qing Zheng v. Lynch*, 819 F.3d 287, 296 (6th Cir. 2016). When reviewing such claims, we must determine whether there was a defect in the proceedings that caused prejudice to the petitioner. *Id.* To establish prejudice, a petitioner must show that the defect led to a substantially different outcome from that which would have otherwise occurred. *Id.* at 297. Hernandez-Ortega has not shown that the questioning about the sworn statement undermined the adverse credibility determination or otherwise substantially affected the outcome of his removal proceedings because the IJ and BIA gave valid reasons for the adverse credibility determination and for denying Hernandez-Ortega relief: reasons that were unrelated to his testimony concerning the sworn statement.

Accordingly, we **DENY** the petition for review.